**COMJD**
VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 252
Las Vegas, NV   89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff Mark Gutierrez*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK GUTIERREZ,<br><br>  Plaintiff,<br><br>v.<br><br>AARGON AGENCY, INC., dba AARGON COLLECTIONS, a Nevada Corporation<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

NOW comes Mark Gutierrez ("Plaintiff"), by and through his attorney of record, Vernon Nelson, Esq. of the Law Office of Vernon Nelson, complaining as to the conduct of Aargon Agency, Inc. dba Aargon Collections ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collections Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court pursuant to 47 U.S.C. §227, 15 U.S.C. §1692k and 28 U.S.C. §§1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Defendant conducts business in the District of Nevada and the acts of the Parties occurred in the District of Nevada.

## PARTIES

4. Plaintiff is a natural "person", as defined by 47 U.S.C §153(39), who resides in the State of Nevada and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant is a domestic corporation doing business in the state of Nevada. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

8. In approximately March 2018, Plaintiff began receiving calls to his cellular phone, (702) XXX-3028, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3028. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant uses serval different phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (866) 999-6460 and (800) 326-7118.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

12. Defendant called Plaintiff on his cellular telephone on more than one occasion.

13. On answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting serval seconds in length before a live representative began to speak.

14. Plaintiff has never provided Defendant or its assignors, predecessors or original creditors with consent to contact him on his cellular phone with an ATDS.

15. Given the frequent and excessive nature of Defendant's phone calls to Plaintiff, Plaintiff demanded that Defendant cease contacting him on the cellular phone, including any use of a "dialer" or Automatic Telephone Dialing System ("ATDS").

16. Despite Plaintiff's demands, Defendant continued placing phone calls to his cellular phone.

17. On or about March 7, 2018, during his workday, Mr. Gutierrez was contacted on his cellular phone by Defendant using phone number (866)999-6460.

18. Upon connection of the call, there was a delay of nearly 30 seconds before Defendant's representative identified as "Ruben" ("Ruben") began to speak and advised he was calling from Defendant's office.

19. On this call, Ruben confirmed Plaintiff's identity and immediately advised he was transferring the call to another representative, despite Mr. Gutierrez asking Ruben to confirm where he was calling from.

20. Thereafter Plaintiff was placed on hold by Defendant's representative Ruben and remained on hold for 55 minutes and 17 seconds, until which time Mr. Gutierrez terminated the call because he was at work.

21. Mr. Gutierrez immediately called Defendant back at the number ending in 6460 and the call could not be connected and resulted in a "fast busy."

22. On or about March 8, 2018 Plaintiff called into Defendant's office at the phone number ending in 7118 at which time he was transferred to 3 different representatives in Defendant's office before any representative was able to locate an alleged reason for the call.

23. Plaintiff complained that he had received an unauthorized call on his cellular phone from Defendant on the previous day, from the phone number ending in 6460.  In an attempt to mislead Plaintiff given his complaints about Defendant's calls, Defendant's representative told Plaintiff that 6460 is not a phone number Aargon uses, which Plaintiff believes is not accurate.

24. Upon speaking with Defendant's representative, Plaintiff was informed that Defendant was seeking to collect upon an outstanding medical debt ("subject debt") allegedly owed by Plaintiff. At this time Plaintiff asked to speak to a manager.

25. Plaintiff was then transferred to Defendant's representative named Regina. At the outset, Regina asked Plaintiff to provide personal information to "verify" his identity.

26. Plaintiff refused to provide the requested information because he felt it was of a personal and sensitive nature. In an effort to coerce and harass Plaintiff into discussing the subject debt and attempting to indirectly "verify" Plaintiff's identity, Regina disclosed Plaintiff's employer and his home address, despite the fact that Plaintiff had been clear that he did not want to provide the information to Regina.

27. Plaintiff informed Regina that he has never received any debt notice from Defendant.

28. Plaintiff informed Regina that calls to his cellular telephone, including those made with an ATDS must cease.

29. Frustrated over Defendant's conduct, Plaintiff spoke with the Law Office of Vernon Nelson regarding his rights, resulting in expenses.

30. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

31. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: aggravation that accompanies excessive collection telephone calls, aggravation that accompanies excessive collection telephone calls during the work day, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for date storage on his cellular phone.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though full set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3) of the FDCPA.

34. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

///

///

35. Defendant is engaged in the business of collecting or attempt or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector.

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA §1692d and §1692d(5)

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. The FDCPA, pursuant to §1692d(5) further prohibits a debt collector from, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

39. Defendant violated §1692d and §1692d(5) when it called Plaintiffs cellular phone and left Plaintiff on hold for 55 minutes and 17 seconds, never returning to the line to continue the call. Defendants acts were harassing and abusive.

40. Defendant violated §1692d and §1692d(5) when Defendant's representative Regina attempted to coerce Plaintiff into discussing the subject debt, after he was resistant to communication regarding the subject debt, by disclosing his place of employment and street name. Defendants acts were harassing and abusive.

### b. Violations of the FDCPA §1692e

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation of means in connection with the collection of any debt."

42. Defendant violated §1692e when its representative attempted to mislead Plaintiff and asserted upon Plaintiff's complaints of unnecessary hold time and methods used in a previous call, that the phone number ending in 6460 was not a telephone number used by Defendant, when the telephone number is regularly used by Defendants to place debt collection calls.

### c. Violations of the FDCPA §1692g

43. The FDCPA, pursuant to 15 U.S.C. §1692g(a) requires a debt collector, within 5 days of the initial communication with a consumer in connection with the collection of a debt, send the consumer a written notice, that includes certain debt validation rights.

44. Defendant's initial communication with Plaintiff was on or about March 8, 2018.

45. Defendant has not, as of the date of this Complaint, received a written notice that includes his debt validation rights.

46. Defendant is in violation of 15 U.S.C. §1692g as it has not provided Plaintiff with written notice of his debt validation rights. Further, Defendant is in violation of the 5-day time period set forth in §1692g(a).

47. As pled in paragraphs 29 through 31, Plaintiff has been harmed and suffered damage as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARK GUTIERREZ, respectfully requests that his Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff, the maximum statutory damages, as allowable under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as allowable under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

**1**    49. The TCPA, pursuant to 47 U.S.C. §227(b)(1)(A), prohibits calling persons on their cellular
**2** phone using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice,
**3** without their consent. The TCPA, under 47 U.S.C. § 227(a)(1) defines an ATDS as "equipment which
**4** has the capacity…to store of produce telephone numbers to be called, using a random or sequential
**5** number generator; and to dial such numbers."

**6**    50. Defendant used an ATDS in connection with its communications directed towards
**7** Plaintiff's cellular phone. The noticeable pause lasting several seconds in length that Plaintiff
**8** experienced during answered calls from Defendant is instructive that an ATDS is being utilized to
**9** generate the phone calls.

**10**    51. Defendant violated the TCPA by placing at least 1 phone call to Plaintiff's cellular phone
**11** using an ATDS without his consent.

**12**    52. Plaintiff has not at any time given consent to Defendant, the original creditor or any
**13** predecessor in interest, to be called with an ATDS on his cellular phone, regarding the subject debt.

**14**    53. The calls placed by Defendant to Plaintiff were regarding business transactions and not for
**15** emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**16**    54. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for
**17** at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should
**18** trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to
**19** under 47 U.S.C. § 227(b)(3)(C).

**20**    55. As pled in paragraphs 29 through 31, Plaintiff has been harmed and suffered damage as a
**21** result of Defendant's illegal actions.

**22**    WHEREFORE, Plaintiff, MARK GUTIERREZ, respectfully requests that this Honorable
**23** Court enter judgment in his favor as follows:

**24**        a. Declaring that the practices complained of herein are unlawful and violate the
**25**           aforementioned statues and regulations;
**26**        b. Awarding Plaintiff damages of at least $500.00 per phone call and/or treble damages
**27**           pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
**28**        c. Awarding Plaintiff costs and reasonable attorney's fees;

    d. Enjoining Defendant from further contracting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 26th day of September, 2018    THE LAW OFFICE OF VERNON NELSON

By:    */s/ Vernon Nelson*
VERNON NELSON, ESQ.
Nevada Bar No.: 6434
9480 S. Eastern Avenue, Suite 252
Las Vegas, NV   89123
Tel:  702-476-2500
Fax:  702-476-2788
E-Mail:  vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff Mark Gutierrez*